NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZIA SHAIKH,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, et al.,<br><br>Defendants. | Civil Action No. 24-09528 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the application of Plaintiff Zia Shaikh ("Plaintiff") to proceed *in forma pauperis*, together with Plaintiff's "Petition For Writ Of Mandamus And Declaratory Relief," against Defendants Ocean County Child Support Enforcement Agency (the "County Enforcement Agency") and New Jersey Department of Human Services, Division of Family Development (the "Division of Family Development," together with the County Enforcement Agency, "Defendants").[1] ("Compl.," ECF No. 1; "IFP," ECF No. 1-2.)

---

[1] Although Plaintiff's filing is titled "Petition for Writ of Mandamus and Declaratory Relief," (*see* ECF No. 1), the Court finds this filing to be more properly understood as a Complaint. Plaintiff in part seeks, *inter alia*, a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. (*See* ECF No. 1 at 1.) However, this filing does not challenge the actions of any federal officer, employee, or agency thereof. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). Therefore, to the extent that this filing contains a petition for a writ of mandamus, the Court lacks authority to issue an order compelling Defendants—which are state and local entities—to take particular action. *See Biddle v. D'Illio*, No. 15-2058, 2019 WL 3815665, at *1 (D.N.J. Aug. 14, 2019) ("The Court lacks authority under § 1361 to issue an order compelling the state [entities] to take a particular action . . . as the state [entities] are not employees or agencies of the United States"). However, in light of Plaintiff's *pro se* status, the Court will interpret Plaintiff's independent requests for injunctive and declaratory relief found within the filing to make up the crux of the Complaint. (*See* ECF No. 1 at 5–7.)

For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, the Complaint is **DISMISSED**.

## I. BACKGROUND[2]

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed a seven-page Complaint contesting Defendants' purported failure to provide him with "validation of [] alleged child support debt" and "release of [a] passport hold."[3] (Compl. ¶ 5.) According to Plaintiff, he is allegedly unable to obtain a passport due to purported child support arrears, which have also caused the "non-renewal of [Plaintiff]'s insurance, real estate, and variable licenses with the NJ Department of Insurance." (*Id.* ¶¶ 7, 9.) He alleges that Defendants have "illegally collected child support payments" in violation of 29 C.F.R. § 870.10, "which categorically exempts independent contractors like [Plaintiff] from all child support enforcement actions." (*Id.* ¶ 11.) Plaintiff further argues that Defendants' failure to respond to a letter he sent on September 2, 2024 "requesting validation of the alleged child support debt" violates (i) the Debt Collection Improvement Act of 1996, (ii) 45 C.F.R. § 32.4, (iii) 18 U.S.C. §§ 241–242, and (iv) his Fourteenth Amendment due process rights. (*Id.* ¶¶ 5, 11–14.) Plaintiff also alleges a violation of his Fifth Amendment "right to travel." (*Id.* ¶ 15.) He requests various forms of injunctive and declaratory relief. (Compl. at 5–7.)

---

[2] Plaintiff is no stranger to this Court, and a detailed history of the (at least) nineteen federal actions and eight state actions he has filed or joined can be found in this Court's prior Memorandum Opinion dismissing Plaintiff's claims in *Shaikh v. Germadnig*, No. 22-2053, 2023 WL 4534127, at *1 (D.N.J. July 13, 2023), *order aff'd, appeal dismissed*, No. 23-2301, 2024 WL 2861845 (3d Cir. June 6, 2024).

[3] Plaintiff also attached to his Complaint a letter dated September 2, 2024 addressed to Defendants, wherein Plaintiff wrote to demand "immediate validation of the alleged child support debt, proof of [Defendants'] Title IV-D jurisdiction, and the immediate release of [his] passport hold related to this purported debt." (Compl. at 9.)

With his Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. (*See* IFP.) Plaintiff's application indicates he makes an average total monthly income of $150.00 via "gifts" and has total monthly expenses averaging $150.00. (IFP at 2, 5.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III. DISCUSSION

### A.    *In Forma Pauperis* Application

In order to proceed *in forma pauperis,* Section 1915(a) requires Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-

3

3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)).

Plaintiff's *in forma pauperis* application indicates Plaintiff currently makes $150.00 per month and has expenses totaling same. (IFP at 2, 5.) Because Plaintiff's income and expenses net-out to zero, the Court finds Plaintiff has sufficiently shown he cannot pay the filing fee for this matter. Therefore, the Court will **GRANT** Plaintiff's *in forma pauperis* application.[4]

### B.   Review of Complaint

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Because Defendants are differently-situated, the Court addresses each in turn below.

### i.   Division of Family Development

To start, the Court finds that the Division of Family Development is immune from suit under the Eleventh Amendment of the U.S. Constitution. The Eleventh Amendment limits a federal

---

[4] However, the Court puts Plaintiff on notice that the Court may deny an *in forma pauperis* application where a plaintiff has "abused the privilege." *Aruanno v. Davis*, 42 F. Supp. 3d 618, 622 (D.N.J. 2014) (collecting cases); *see Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008) (affirming denial of *in forma pauperis* application based on abusive filings). Moving forward, the Court will not permit Plaintiff to cost-free file these frivolous suits that are "a continual abuse of the state and federal judicial process" absent good cause shown. *See Shaikh*, No. 22-2053, 2023 WL 4534127.

court's jurisdiction over actions against a state. *See In re Hechinger Inv. Co. of Del.*, 335 F.3d 243, 249 (3d Cir. 2003). The state's sovereign immunity from suit under the Eleventh Amendment also extends to "arms of the state," such as state agencies and departments. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Chisolm v. McManimon*, 275 F.3d 315, 322–23 (3d Cir. 2001) ("Eleventh Amendment immunity may be available to a state party-in-interest notwithstanding a claimant's failure to formally name the state as a defendant"). Unless a party waives its sovereign immunity, "a court is without subject matter jurisdiction over claims against . . . agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).[5]

Courts in this District applying this test have held that the New Jersey Department of Human Services and its subdivisions, such as the Division of Family Development, are arms of the state and entitled to Eleventh Amendment immunity. *See, e.g.*, *Gattuso v. New Jersey Dep't of Hum. Servs.*, 881 F. Supp. 2d 639, 645–46 (D.N.J. 2012); *Coles v. New Jersey Dep't of Hum. Servs.*, No. 13-3987, 2014 WL 2208142, at *5 (D.N.J. May 28, 2014); *Greenfield v. Corzine*, No. 09-4983, 2012 WL 1134917, at *11 (D.N.J. Apr. 4, 2012). The Court therefore finds that the Division of Family Development is an arm of the state and immune from suit under the Eleventh Amendment. *See Rhett v. Evans*, 576 F. App'x 85, 88 (3d Cir. 2014) ("The Eleventh Amendment protects a state or state agency from a suit brought in federal court regardless of the relief sought").

    ii.   <u>County Enforcement Agency</u>

With respect to the County Enforcement Agency, the Complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Given Plaintiff's *pro se* status, the Court

---

[5] "A waiver of sovereign immunity must be express and unambiguous to confer subject matter jurisdiction on a court." *Treasurer of New Jersey*, 684 F.3d at 396. Plaintiff does not allege that the Division of Family Development waived its sovereign immunity.

5

presumes Plaintiff is attempting to bring a claim under 42 U.S.C. § 1983 with respect to alleged Fifth and Fourteenth Amendment violations. (*See* Compl. ¶¶ 13, 15.) The Supreme Court decided in *Monell* that a municipality can be liable under Section 1983 "only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978). "To prevail on a *Monell* claim under § 1983, a plaintiff must first establish that the municipality had a policy or custom that deprived him of his constitutional rights." *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015), *aff'd*, 657 F. App'x 134 (3d Cir. 2016). Here, Plaintiff does not include a single allegation that would suggest that the County Enforcement Agency has engaged in an unconstitutional policy or custom. Rather, Plaintiff's allegations concern his own distinctive circumstances. That is, Plaintiff alleges that Defendants have illegally collected child support payments from *him* and that Defendants failed to respond to *his* letter seeking validation. (Compl. ¶ 11.) Therefore, his *Monell* claims fail.

With respect to the federal statutory provisions cited by Plaintiff, Plaintiff has not shown how any of these provisions—the majority of which are directives to *federal*, as opposed to *local*, agencies—are applicable to the County Enforcement Agency. *First,* neither 18 U.S.C. § 241 nor 18 U.S.C. § 242 "creates a civil cause of action." *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009). *Second*, 45 C.F.R. § 32.4 outlines notice requirements related to the United States Department of Health and Human Services' collection of money "by means of administrative wage garnishment to satisfy delinquent non-tax debts owed to the United States." *See* 45 C.F.R. § 32.1. *Third*, in a similar way, 29 C.F.R. § 870.10 details the duties of the United States Secretary of Labor "dealing with restrictions on garnishment of earnings." 29 C.F.R. § 870.1. *Finally*, "[t]he Debt Collection Improvement Act authorizes the [federal] Department of the Treasury's Financial

Management Service to collect non-tax debts owed to the federal government by offsetting payments made to the debtor by other federal agencies." *Williams v. Comm'r of Soc. Sec.*, 549 F. Supp. 2d 613, 618 (D.N.J. 2008). Thus, the Court finds that none of the federal statutory provisions Plaintiff seeks to rely on support a claim against the County Enforcement Agency, as the County Enforcement Agency appears to fall outside the scope of the provisions.

Therefore, **IT IS** on this 30th of October, 2024, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-2), is **GRANTED**;
2. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED**;
3. The Clerk's Office is directed to **CLOSE** this matter;
4. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing an amended complaint;
5. Upon receipt of an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case, and the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e);
6. A summons shall not issue prior to the Court screening the amended complaint pursuant to 28 U.S.C. § 1915(e); and
7. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**